348 F.2d 64
 121 U.S.App.D.C. 58
 RETAIL CLERKS LOCAL UNION NO. 381, Affiliated with the
Retail Clerks International Associations, AFL-CIO, Petitioner
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
INDUSTRIAL CONFERENCE BOARD and Kitsap County Retail
Druggists' Association, et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INDUSTRIAL CONFERENCE BOARD and Kitsap County Retail
Druggists' Association, et al., Respondents.
 Nos. 17741, 17784, 17790.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 3, 1963.
Filed May 6, 1965.
 
 Mr. Tim L. Bornstein, Washington, D.C., for petitioner in No. 17741. Messrs. Sol Lippman, Washington, D.C., and Hugh Hafer, Seattle, Wash., were on the brief for petitioner in No. 17741.
 Mr. James V. Ramsdell, of the bar of the Supreme Court of Washington, pro haec vice, by special leave of court, Tacoma, Wash., for petitioners in No. 17784 and respondents in No. 17790. Mr. Homer S. Carpenter, Washington, D.C., was on the brief for petitioners in No. 17784 and respondents in No. 17790.
 Mr. Melvin J. Welles, Atty., with whom Messrs. Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Gary Green, Atty., N.L.R.B., were on the brief, for respondent in Nos. 17741 and 17784 and petitioner in No. 17790.
 Supplemental Opinion
 Before BAZELON, Chief Judge, and FAHY and MCGOWAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Under date of December 19, 1963, we entered judgment 117 U.S.App.D.C. 190, 327 F.2d 888, enforcing the order of the Board in these cases except that insofar as the order was based in No. 17790 upon respondents therein 'engaging in a lock-out while continuing to operate their establishments,' we reserved our decision and retained jurisdiction until further order of the court.
 
 
 2
 In light of the decision of the Supreme Court of the United States in N.L.R.B. v. Brown et al., 85 S.Ct. 980, the order of the Board insofar as applicable to No. 17790 is modified by deleting therefrom in paragraph 1(a) the requirement that the employers involved cease and desist from 'engaging in a lock-out while continuing to operate their establishments.' As so modified the order will be enforced.
 
 
 3
 It is so ordered.